

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                 PLAINTIFF

v.                              CIVIL ACTION NO. 3:20cv415-DPJ-FKB

THE REAL PROPERTY KNOWN AS
115 ROSEDOWNE BEND
MADISON, MISSISSIPPI  39110               DEFENDANT PROPERTY

### *EX PARTE* APPLICATION TO FILE COMPLAINT FOR FORFEITURE *IN REM* UNDER SEAL UNTIL FURTHER ORDER OF COURT

### FILED UNDER SEAL

The United States of America hereby applies to this Court for an order permitting the filing of the Verified Complaint for Forfeiture *In Rem* and the affidavit attached thereto *under seal* until further order of this Court.  In addition, the United States asks that this application likewise be filed *under seal*.

### INTRODUCTION

The United States of America has initiated a civil forfeiture action in the above-styled case. The Verified Complaint for Forfeiture *In Rem* arises from an ongoing criminal investigation, which includes cooperating witnesses and the use of a federal grand jury.  Premature exposure of the details of the investigation, as set forth in the complaint and affidavit, will jeopardize the success of the ongoing criminal investigation and could expose some of the individuals involved to potential physical harm; lead to the destruction of evidence; and give the targets of the criminal investigation the opportunity to flee the jurisdiction of the United States.  The defendant property was recently put under contract for sale.  In order to ensure that the current sellers and contracted buyers of the property are aware of the lis pendens, the Government asks for permission from the Court to directly provide the sellers, the contracted buyers, the closing attorney, and any broker involved in the transaction with a copy of the lis pendens to ensure each party is aware of the lis

pendens prior to any completion of the sale of the defendant property. Although this will likely alert the sellers that there is a filed Civil Complaint for Forfeiture *in Rem*, the sealing will ensure that salient portions of the investigation are not revealed. For the safety of the individuals involved in the investigation and to ensure the integrity of the investigation, it is important that the complaint remain under seal until the ongoing criminal investigation is terminated.

## LEGAL AUTHORITY

Federal courts are empowered to seal documents in appropriate circumstances. *Cf.* Fed. R. of Crim. P. 6(e)(4) (sealing of indictments). The Supreme Court has noted that "[e]very Court has supervisory power over its own records and files, and access has been denied where Court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Moreover, federal district courts have the inherent power to seal affidavits filed with search warrants in appropriate circumstances. *See Washington Post v. Robinson*, 935 F.2d 282, 289 n. 10 (D.C. Cir. 1991); *Offices of Lakeside Non-Ferrous Metals, Inc. v. United States*, 679 F.2d 778 (9th Cir. 1982); *United States v. Agosto*, 600 F.2d 1256 (9th Cir. 1979). This inherent power may be appropriately exercised when disclosure of an affidavit or declaration would disclose facts that would interfere with an ongoing criminal investigation. *See Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1979). Rule 5 of the Federal Rules of Civil Procedure grants federal Courts supervisory power over the filing of pleadings. *See* Fed. R. Civ. P. 5.

## DISCUSSION

The premature disclosure of the contents of the complaint and affidavit in this case will directly harm the United States' ongoing criminal investigation and prosecution and could possibly place individuals in physical jeopardy. This case involves the theft of potentially tens of millions of dollars in federal grant funds and money laundering, among other things. The affidavit in support of the complaint describes the ongoing criminal investigation and some of the involved

individuals. Although some of the information in the affidavit was disclosed in a Mississippi State Auditor's Report issued in May 2020, the scope of the federal investigation is believed to be unknown to multiple targets of and potential witnesses for this investigation. At this time state charges are pending against some of the parties in that report. That does not include the target underlying the allegations supporting the current complaint. That individual, as well as others currently charged at the state level and others not currently under indictment, may not be aware of the federal investigation into their actions. Disclosure of the existence of this investigation and the affidavit in support of the complaint before the investigation is concluded would also alert the targets of the investigation to the extent and direction of the investigation and may prevent law enforcement agents from completing their investigation and arresting certain targets. In addition, the disclosure of the existence of this ongoing investigation may lead to the destruction of evidence or the harming or intimidation of potential witnesses.

## CONCLUSION

For all of these reasons, the United States of America respectfully requests that the complaint and this application, be filed under seal and held by the Court under seal, pending further order of this Court.

**RESPECTFULLY SUBMITTED**, this the 22nd day of June, 2020.

                                          Deborah Connor, Chief
                                        Money Laundering and Asset Recovery Section
                                        Criminal Division
                                        U.S. Department of Justice

By: _____ for

                                        Kerry Blackburn
                                        Oklahoma Bar (22918)
                                        Trial Attorney
                                        Money Laundering and Asset Recovery Section
                                        Criminal Division
                                        U.S. Department of Justice
                                        Kerry.Blackburn2@usdoj.gov