

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                       PLAINTIFF

v.                                              CIVIL ACTION NO. 3.20cv415-DPJ-FKB

THE REAL PROPERTY KNOWN AS
115 ROSEDOWNE BEND
MADISON, MISSISSIPPI  39110                         DEFENDANT PROPERTY

**FILED UNDER SEAL**

**MOTION TO STAY PROCEEDINGS AND EXTEND
NOTICE AND PUBLICATION OF CIVIL FORFEITURE ACTION**

The United States of America hereby moves this Court for a stay of the proceedings in the instant civil forfeiture action pending the resolution of a related federal criminal investigation and for an order extending the period to provide notice by publication and direct notice to known potential claimants under Rule G(4)(a) and (b) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure. The proceedings in this case, which is already under seal, should be stayed because civil discovery will adversely affect the ability of the United States to conduct and conclude the investigation in a related criminal case. *See* 18 U.S.C. § 981(g)(1). The United States should also be excused from providing notice at this time because there is reason to believe providing notice now will also have an adverse effect on the ongoing investigation in the related criminal case. *See* 18 U.S.C. § 983(a)(1)(D).

**BACKGROUND**

On June 22, 2020, the United States filed a Verified Complaint for Civil Forfeiture *in Rem*, seeking real property owned by Theodore Marvin Dibiase Jr. and Kristen Dibiase which were involved in, or the proceeds of, violations of theft or bribery concerning programs receiving federal

1

funds (18 U.S.C. § 666(a)(1)(A)), money laundering (18 U.S.C. § 1956(a)(1)(B)(i)), and engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957). V. Compl. for Forfeiture *in Rem*. The United States also applied *ex parte* to file the verified complaint under seal, which the Court granted. *Ex Parte* Appl. to File Compl. for Forfeiture *in Rem* Under Seal; Order Sealing (June 22, 2020).

As alleged in the United States' complaint, affidavit, and application, the facts of this case stem from an ongoing criminal investigation conducted by the Federal Bureau of Investigation and Office of Inspector General for the Department of Health and Human Services into the violations previously noted, among others. *See* V. Compl.; *Ex Parte* Appl. to File Compl. for Forfeiture *in Rem* Under Seal. The inquiry focuses on theft, fraud, and misuse of federal grant funds provided to the Mississippi Department of Human Service, a majority of which was subgranted to Mississippi organizations, and the subsequent money laundering of those funds. Theodore Dibiase Jr., the owner of the defendant property along with his wife, obtained a contract funded by the federal Temporary Assistance to Needy Families program, and received at least $700,000.00. He used a significant portion of those funds to purchase the defendant property, instead of fulfilling the contract. Thus, Theodore Dibiase Jr. is a potential claimant who the United States would ordinarily be required to provide direct notice of the filing of the complaint.

However, federal law enforcement, in conjunction with the U.S. Attorney's Office for the Southern District of Mississippi, Money Laundering and Asset Recovery Section, and Fraud Section, are in the process of investigating this expansive theft and fraud related to the federal funds which could exceed $100,000,000.00. Disclosure at this juncture of the complaint for forfeiture *in rem* by notice by publication and direct notice to known potential claimants, as required under Rule G(4)(a) and (b) of the Supplemental Rules for Certain Admiralty or Maritime

Claims and Asset Forfeiture Actions, will severely interfere with such efforts.

The defendant property is under contract for sale. If the United States did not act at this time, it would complicate or perhaps prevent the lawful forfeiture of the defendant property. With the case under seal, arguably this case is already stayed and notice has been delayed by virtue of the case sealing order. Order Sealing (June 22, 2020). However, the United States moves, out of an abundance of caution, for an order expressly declaring a stay and granting leave to delay notification to all known and unknown potential claimants as the lis pendens may lead claimants to ascertain there is a pending civil action. Such a request is permissible under the relevant Federal Rules of Civil Procedure.

Accordingly, the United States moves the Court to stay the proceedings and extend the time to provide notice by publication and direct notice to known potential claimants until the companion criminal investigation is concluded.

## ARGUMENT
### The Proceedings in This Case Should Be Stayed Because Civil Discovery Will Adversely Affect a Related Criminal Investigation.

The United States seeks a stay of the proceedings of this civil forfeiture action against the defendant property under the authority of 18 U.S.C. § 981(g)(1), which provides in pertinent part:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation . . . .

18 U.S.C. § 981(g)(1). Under 18 U.S.C. § 981(g)(1), in order to grant a motion to stay, "the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will 'adversely affect' the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed." *United States v. $129,852 in U.S. Currency*, No. 08-CV-1493, 2008 WL 5381863, at *2 (W.D. La. Dec.

3

17, 2008) (quoting *United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account Number 7240001868*, 2004 WL 1834589, at *2 (N.D. Tex. 2004)).

As to the Court's first determination, "[w]here a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related." *Id.* (quoting *United States v. Suntrust Account*, 456 F.Supp.2d 64, 65) (citations omitted). Here, the United States is currently running a related criminal investigation. The criminal investigation and the civil forfeiture action have common facts, allege similar violations, and involve common parties. The defendant property in the instant case is alleged to have been purchased with proceeds of the theft of the federal program funds, and also is involved in the money-laundering of the proceeds.

As for the second determination, all the Court must determine is whether civil discovery will interfere with the related criminal investigation. *See United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183–84 (C.D. Cal. 2011) (citing *U.S. v. $1,026,781.61 in Funds from Floridal Capital Bank*, No. CV 09–04381, 2009 WL 3458189, *2 (N.D.Cal. Oct. 21, 2009)). Courts have routinely issued stays under 18 U.S.C. § 981(g)(1) on the basis of the government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery. *See e.g., One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d at 1183–84. Here, allowing civil discovery will adversely affect the ability of the United States to conduct the related criminal investigation. Courts have noted that because "civil discovery is broader than that generally allowed in criminal proceedings," without a stay, "the government's criminal case could be comprised." *United States v. $129,852 in U.S. Currency*, 2008 WL 5381863, at *2. Indeed, the United States fears that civil discovery may require disclosing details of the criminal investigation that could endanger witnesses currently cooperating with the government.

4

Moreover, the details provided through civil discovery may result in the intimidation of witnesses, destruction of evidence, dissipation of other assets that may otherwise be subject to forfeiture, and even in the co-conspirators fleeing the jurisdiction.

If the claimants were to be deposed or required to answer interrogatories in the civil forfeiture case, the mere existence of a pending criminal investigation would result in the claimants asserting their Fifth Amendment rights against self-incrimination to every substantive and material question. Furthermore, if the claimants were forced to go to trial in the civil forfeiture case, they would face an unenviable choice: assert their Fifth Amendment privilege and not testify, or testify to possibly recover their property but risk incriminating themselves. Therefore, the United States submits that a stay of the proceedings is appropriate and should be granted.

As an aside, a resolution of the criminal investigation could potentially make this case moot. Under these described circumstances, judicial economy and the interest of all parties would be served by staying the proceedings of this civil forfeiture case until the criminal investigation is completed and the anticipated defendants are indicted and arrested.

### The Court May Extend the Time to Provide Notice by Publication and Direct Notice to Known Potential Claimants of a Civil Forfeiture Complaint.

Under Rule G(4)(a)(i), the United States is required to publish "notice of the action within a reasonable time after filing the complaint or at a time the court orders." Supp. Fed. R. Civ. P. G(4)(a)(i). Additionally, the United States is "required to send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant . . . before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)," which is "no later than 30 days after final publication of newspaper notice or legal notice under Rule G4(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site." Supp. Fed. R. Civ. P. G(4)(b)(i), 5(a)(ii)(B).

5

While Rule 4 of the Federal Rules of Civil Procedure does not apply to a civil forfeiture proceeding, the rule provides "general guidance" on the definition of "within a reasonable time," as found as Rule G(4).  *See United States v. $39,956.45 in U.S. Currency, et al.*, No. 1:15CV506, 2017 WL 1214459, at *5-6 (M.D. N.C. January 18, 2017) (holding that under the plain language of Rule 4(m), service applies to defendants in civil cases, but "would not apply to claimants in a civil forfeiture proceeding" and "although Supplemental Rule G does not give firm time limits to publish notice of a forfeiture action, other provisions [including Rule 4(m)] of the Federal Rules of Civil Procedure may be instructive in determining what is reasonable").

Rule 4(m) of the Federal Rules of Procedure provides, in pertinent part:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Finally, even if time limitations as set by Rule 4(m) were to apply to the instant case, Rule 6(b) provides that a court may extend any period of time, for good cause shown, if the request is made before the original time, or its extension, expires.  Fed. R. Civ. P. 6(b).

### Because Notice May Have an Adverse Effect on the Ongoing Criminal Investigation, the United States Seeks to Be Excused from Providing Notice Until the Stay Has Been Lifted.

On June 22, 2020, the United States applied to have its verified complaint filed under seal, arguing that the premature disclosure of the contents of the complaint and affidavit in this case will directly harm the United States' ongoing criminal investigation and prosecution and could possibly place individuals in physical jeopardy or subject them to intimidation.  Appl. to File Under Seal.  The Court granted the United States' application.  Order Sealing (June 22, 2020).

Since then, the civil complaint has remained under seal in order to avoid hindering the ongoing criminal investigation. The United States' concerns for the success of its criminal investigation – the safety of cooperating witnesses, flight risk of those under investigation, and the potential for destruction of evidence and dissipation of forfeitable assets – persist, and therefore, the United States requests that the Court excuse it from providing notice by publication and direct notice to known potential claimants until the case is unsealed and the stay is lifted.

Given the potential dangers of providing notice by publication and direct notice to known potential claimants, the United States does not believe a delay in providing notice will be unreasonable.[1]

As of the date of this filing, the criminal investigation is ongoing. As discussed above, if the United States gave notice to the known potential claimants (Theodore Marvin DiBiase Jr. and Kristen DiBiase) at this time, the claimants may use the information in the complaint to destroy evidence, flee from law enforcement, or threaten or intimidate witnesses. Thus, the United States would be prejudiced by providing notice by publication and direct notice to known potential claimants at this time. By contrast, delaying notice will have no effect whatsoever on the future claimants' ability to raise defenses in support of their claims to the defendant property.

---

[1] Even if the Court were to find that this case does not present "good cause" for the United States' requested delay in notifying potential claimants, the Supreme Court has noted that Rule 4(m) allows a court to enlarge the time for service "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 658, n.5 (1996) (quoting Advisory Committee Notes on 1993 Amendments to Fed.R.Civ.P. 4); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (agreeing with the majority of circuits that district courts have discretion to extend the time for service even when a plaintiff fails to show good cause). "The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow." *Henderson*, 517 U.S. at 663. Given Rule G's vague reference to "within a reasonable time," it would be unreasonable to apply a more stringent timeframe for service in asset forfeiture cases than in other civil cases.

The United States, for the above reasons, requests that the Court grant its Motion to Stay Proceedings and Extend Notice and Publication of the Civil Forfeiture Action. The investigation will not be concluded for at least another 6 to 12 months. The United States further asks that once service of process and publication have been accomplished, the potential claimants be permitted to file claims and answers, but all other proceedings in this case, including discovery, remain stayed, pending completion of the criminal investigation.

**RESPECTFULLY SUBMITTED**, this the 22nd day of June, 2020.

Deborah Connor, Chief
Money Laundering and Asset Recovery Section
Criminal Division
U.S. Department of Justice

By: _____
Kerry Blackburn
Oklahoma Bar (22918)
Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division
U.S. Department of Justice
Kerry.Blackburn2@usdoj.gov