# Scott Gilbert

| | |
|---|---|
| **From:** | Blackburn, Kerry (CRM) <Kerry.Blackburn2@usdoj.gov> |
| **Sent:** | Tuesday, July 7, 2020 2:50 PM |
| **To:** | Scott Gilbert; Fulcher, Dave (USAMSS) |
| **Cc:** | Katie Lyons; Roxann Dunaway; LaMarca, Darren (USAMSS); Lemon, Pat (USAMSS); Blackburn, Kerry (CRM) |
| **Subject:** | RE: 115 Rosedowne Bend lis pendens |

Scott:

I was in the process of getting back to you with regard to the sale of the residence when I got this email. Based on my proposal today, I do not believe it will be necessary for us to get into the government's position on your legal analysis. With regard to the *lis pendens* and the complaint, the government is prepared to file a motion with the court to disclose the civil forfeiture complaint and accompanying affidavit to you, Mr. DiBiase, and Ms. DiBiase. The government will also ask the court to issue a protective order with regard to the contents of those documents. AUSA Fulcher received a letter from you dated June 25, 2020, indicating that you represent Mr. DiBiase in the civil forfeiture matter  As of now, we have not received a similar letter in regard to Ms. DiBiase. If you represent her, please provide a letter of representation to the government or so advise here informally as a beginning point. Otherwise, the government will need to contact her directly on the matter as she is a forseeable claimant on the Rosedowne Bend property. Please advise if there will be an objection with regard to a protective order for you and Ms. DiBiase and/or Mr. DiBiase, depending on whether you represent Ms. DiBiase.

We may differ on what you mean by sharing the evidence that is in the government's position. It is the government's position that we are not required, if at all at this stage, to do more than share the civil forfeiture complaint and accompanying affidavit. In prior communications I have indicated that I am happy to discuss anything you wish to share and anything that is otherwise public. With the sharing of the civil forfeiture complaint and accompanying affidavit, it will be possible to discuss more with you based on their contents, however, there are still matters that the government is not in a position to discuss at this time.

With the sharing of the civil forfeiture complaint and accompanying affidavit, it will also place us in a position to negotiate a settlement that would allow for the release of the *lis pendens* so that the proposed sale of the Rosedowne Bend property may go completed. As part of your last communication, you indicated that you wanted the civil forfeiture and complaint served. With a protective order in place, that will occur. Second, you did not want the funds to be placed with the USMS, however, that is the appropriate place for the funds to remain while the matter is resolved. Third, you said that you wanted the government to agree to a timetable within which matters would proceed. The government is not in a position to agree to a timeline. I will indicate that, in my opinion, the investigation is proceeding appropriately and will be finished in a timely fashion. However, we definition could vary from others and I cannot commit to a concrete deadline at this time. Further, as we all know, things happen that unexpectedly delay the government and I cannot tie the hands of both law enforcement and prosecutors. The agreement is still contingent on an agreement not to file a Jones-Farmer, or other, request for the funds that would be in USMS custody as, absent the sale, no such funds would exist. There are likely benefits to both sides if the sale is completed so the government looks forward to reaching a reasonable resolution of this issue.

Also, while AUSA Fulcher has been assisting me in coordinating the filing of the civil documents, I have not been working with Darren LaMarca or Pat Lemon. I hate to fill their inboxes with everyday matters so I suggest that we delete them off our emails unless/until they are directly involved in something related to this case.

**From:** Scott Gilbert <sgilbert@watkinseager.com>
**Sent:** Tuesday, July 7, 2020 2:41 PM



1

To: Blackburn, Kerry (CRM) <Kerry.Blackburn@CRM.USDOJ.GOV>; Fulcher, Dave (USAMSS) <DFulcher@usa.doj.gov>
Cc: Katie Lyons <klyons@watkinseager.com>; Roxann Dunaway <rdunaway@watkinseager.com>; LaMarca, Darren (USAMSS) <DLaMarca@usa.doj.gov>; Lemon, Pat (USAMSS) <PLemon@usa.doj.gov>
Subject: RE: 115 Rosedowne Bend lis pendens

Kerry and Dave,

I have discussed the various aspects of this issue with the DiBiase's and this is where we are from our perspective:

We are not aware of evidence sufficient to justify the restraint that you have placed on Mr. DiBiase's property. As I appreciate the facts, Mr. DiBiase was approached by John Davis and offered the contracts, which Mr. DiBiase ultimately accepted. Mr. DiBiase's contracts were drafted by DHS, presumably by their lawyers, and were likely reviewed by Assistant AG Earl Scales before being presented to Mr. DiBiase. The contacts described the work that was to be done, and Mr. DiBiase performed that work. Email proves that John Davis directed MCEC to enter into the contracts and that DHS was funding the contracts. While we can all debate whether this was "good government" there is no evidence of which I am aware that establishes a false claim, false statement or a scheme or artifice to defraud on the part of Mr. DiBiase. He was contracted to perform work, he was paid to perform the work, and he performed the work. During the course of performing the work, Mr. DiBiase and John Davis met with HHS Program Manager Carliss Williams more than once, and discussed how DHS was administering the funding and what Mr. DiBiase's role in the program was. There is no material misrepresentation here that can be linked to a decision by the government to pay Mr. DiBiase.

This matters because the 5th Circuit has recently held that a lis pendens is a form of restraint, and that the government has to show probable cause to justify a restraint of property. *See United States v. Real Property Located at 1407 North Collins Street, Arlington, Texas, et al.,* 901 F.3d 268 (5th Cir. 2018). Moreover, the lis pendens is most likely invalid under Mississippi law because you have not completed the initiation of your case. *See Mize v. Westbrook Const. Co. of Oxford, LLC,* 146 So. 3d 344, 349 (Miss. 2014) (citing *Dethlefs v. Beau Maison Dev. Corp.,* 511 So.2d 112, 117 (Miss.1987). In order for the civil action to be "pending" under Mississippi law the summons must have been served on the adverse party. It is not sufficient for a party to simply state that a suit will be filed or that the party intends to file a suit. **The issuance of the summons is necessary in order to constitute a proper lis pendens.** *Ryals v. Douglas,* 205 Miss. 695, 39 So. 2d 311 (1949); *Edwards v. Bridgetown Cmty. Ass'n, Inc.,* 486 So. 2d 1235, 1239 (Miss. 1986) ("As long ago as 1851, in the case of *Bacon v. Gardner,* 23 Miss. 60 (1851), this Court held that the issuance of a summons was necessary in order to constitute the lis pendens.")

I have been directed by the DiBiase's to file a motion with the district court to dissolve the lis pendens pursuant to the cited authority. Your recourse will be to come forward with probable cause that the money Mr. DiBiase put into his home is the proceeds of a federal crime, and to establish that the lis pendens is valid under Mississippi law. We are prepared to present significant evidence to the contrary. It would certainly be easier to address this matter between the parties. I

am certain MLARS has no desire to create more bad law regarding the restraining effects of a lis pendens.

As I understand that you may be working remotely due to COVID, I am authorized to give you until next Tuesday, July 14, 2020 to let me know whether you intend to share with me the evidence you have that you believe will establish the requisite probable cause and to serve the property and the DiBiase's with a copy of the complaint, or remove the lis pendens. Otherwise, we will proceed to litigate the propriety of the restraint the lis pendens has placed on the property without affording the DiBiase's the due process to which they are entitled.

I look forward to hearing from you soon.

Best,


Scott Gilbert

WATKINS & EAGER PLLC

---

**From:** Scott Gilbert
**Sent:** Wednesday, June 24, 2020 4:49 PM
**To:** Blackburn, Kerry (CRM)
**Cc:** Fulcher, Dave (USAMSS); Katie Lyons; Roxann Dunaway
**Subject:** RE: 115 Rosedowne Bend lis pendens

Kerry,

I appreciate you working with me toward a potential resolution on this matter. We have some extra time to deal with the issue. The buyers have agreed to leave the contract in place and to move the closing to the end of July. That will give me some time to think this over and to discuss it with Mr. and Mrs. DiBiase. In the meantime, I think there are some other factors that we should all be cognizant of as it relates to the respective positions of the parties.

I don't see how the court would be able to enter any order regarding the agreement you propose. That is because the court does not currently have subject matter jurisdiction over the res. In order for the court to acquire jurisdiction, the government has to comply with all three steps set forth at 18 U.S.C. 985(c). Because you have chosen to file the complaint under seal, you have completed only the first step – filing the lawsuit. You must also serve the defendant property and the owners with the complaint to complete the initiation of the lawsuit. Only then will the court have jurisdiction to enter an order as you propose.

I also think I will have a hard time agreeing to allow the proceeds of the sale to be parked in the SADF for the duration of the statute of limitations in the criminal matter and waive any due process rights with regard to how long the civil matter stays under seal. If this is something we can find a procedural way to accomplish, we are going to have to agree on some timeframes within which the government is going to have to decide whether it is going forward. If you don't presently have probable cause to support your position that the property was bought with the proceeds of a crime, I'd suggest the better option is to have the money placed in my firm's trust account.

I think the first step in coming to any sort of agreement is going to have to be a limited unsealing of the complaint so that you can serve the property and the owners, ultimately conferring jurisdiction over the res to the court. Until that happens, I am afraid all of our efforts at reaching a resolution may very well be theoretical.

3

I also want to reiterate to you that there is additional evidence that proves John Davis directed MCEC to hire Ted, that John Davis defined the scope of Ted's work in writing, and that Ted performed that work. Ted didn't lie to anybody in order to obtain the money he was paid. You have the financials. You see that there were no kickbacks to anybody from Ted. I think you guys are in a very tenuous place factually. Your refusal to have a dialogue with me about what it is that gives you a reasonable belief that the money Ted earned is tainted is a red flag. When I was an AUSA, I had no problem showing a defense lawyer the evidence I had to back up my position when I knew it was solid. I can't figure out what the government gains by being so secretive in this circumstance. Ted and I have shown a substantial amount of good faith by sharing a lot of information with the government. I think it is reasonable to expect the government to reciprocate.

Give some thought to the issues I've raised and let's revisit this soon.

Thanks,

Scott Gilbert

WATKINS & EAGER PLLC

---

**From:** Blackburn, Kerry (CRM) [mailto:Kerry.Blackburn2@usdoj.gov]
**Sent:** Wednesday, June 24, 2020 3:28 PM
**To:** Scott Gilbert
**Cc:** Fulcher, Dave (USAMSS); Katie Lyons; Roxann Dunaway
**Subject:** RE: 115 Rosedowne Bend lis pendens

This is a path forward that would allow each side to accomplish short-term goals but would also leave open an avenue for your client to litigate the merits of the matter at a later date. Because Mr. DiBiase and his wife put the property up for sale, it is fair to assume that your client and his wife would like for the sale to proceed and I have been advised that the buyers would like for the sale to proceed. In your earlier email you referenced that they would be moving to a smaller location if the property is sold. Since a smaller residence usually equates to a less-expensive residence, I think it is also fair to assume that this move would decrease their ongoing financial obligations. Because it is unlikely that any sale, aside from a cash sale with a buyer willing to accept the risk of forfeiture, will proceed, your client would either be in the position of discontinuing payments which would result in foreclosure, or continue to make payments on the current residence.

What I am authorized to do is to dismiss the lis pendens based on an agreement that the proceeds of the sale (which you estimate to be around $350,000) would be transmitted directly to an account under the custody and control of the USMS until the matter is otherwise resolved. It will be agreed that the funds will not be removed from the account until/unless the government moves to do so and/or the conclusion of any civil and/or criminal matter that pertains to those funds. There will be no motion for the funds to be released as a pretrial restraint (e.g. *Jones-Farmer*). If that is agreeable, we will seek consent of the court to proceed in this manner.

I understand completely that your client will not agree to forfeit the property (resolve the matter) or proceeds from the sale of the property until/unless you have been provided with proof that you and your client believes is sufficient to warrant that agreement. Because the funds will not be forfeited, however, and only set aside to allow the sale to be completed, it is not necessary to disclose the entirety of the government's case at this time to go forward in a manner that is beneficial to both parties. Certainly, if the evidence bears out your position that there is no basis for forfeiture, your client gets the proceeds. If the evidence bears out the position of the government that it is subject to forfeiture, then it will be forfeited.

Please advise as to whether you and your client are amenable to proceeding in this manner.

I am aware that Mr. Harrison is interested in whether the sale might go forward. What is your position about sharing this email communication or otherwise advise Mr. Harrison about discussions that would allow the sale to go forward?

**From:** Scott Gilbert <sgilbert@watkinseager.com>
**Sent:** Tuesday, June 23, 2020 8:48 PM
**To:** Blackburn, Kerry (CRM) <Kerry.Blackburn@CRM.USDOJ.GOV>
**Cc:** Fulcher, Dave (USAMSS) <DFulcher@usa.doj.gov>; Katie Lyons <klyons@watkinseager.com>; Roxann Dunaway <rdunaway@watkinseager.com>
**Subject:** Re: 115 Rosedowne Bend lis pendens

I am always willing to have a discussion. But I cannot advise a client to resolve a matter without seeing the evidence that justifies making such a recommendation. Any settlement negotiation necessarily must include sufficient disclosures. If this is something you are willing to do, then a conversation could be fruitful.


Scott Gilbert
Watkins & Eager
601-965-1922
sgilbert@watkinseager.com


> On Jun 23, 2020, at 7:24 PM, Blackburn, Kerry (CRM) <Kerry.Blackburn2@usdoj.gov> wrote:
>
>
> If your client wishes to negotiate a settlement to resolve this matter, I am happy to listen. That is something that would ultimately have to be cleared by other individuals in my office. Based on your prior communications, the only impression I was left with was that your client asserts that there is nothing subject to forfeiture and, therefore, there would be no reason to discuss a settlement. If you want to discuss a settlement, I suggest that we set a time tomorrow that is available for all relevant parties to talk. As I indicated in my prior email, I am available beginning at 11 AM Eastern/10 AM Central.
>
> **From:** Scott Gilbert <sgilbert@watkinseager.com>
> **Sent:** Tuesday, June 23, 2020 8:12 PM
> **To:** Blackburn, Kerry (CRM) <Kerry.Blackburn@CRM.USDOJ.GOV>
> **Cc:** Fulcher, Dave (USAMSS) <DFulcher@usa.doj.gov>; Katie Lyons <klyons@watkinseager.com>; Roxann Dunaway <rdunaway@watkinseager.com>
> **Subject:** Re: 115 Rosedowne Bend lis pendens
>
> Kerry,
>
> Thanks for sending these over. I also spoke with Robert. He confirmed for me that the agent said exactly what I related to you earlier. Having said that, I'm not sure I know why we are discussing it. You clearly don't have a seizure warrant so it doesn't matter.
>
> It also doesn't matter because the house is off the market due to the lis pendens, and the DiBiase's are now forced to continue living there instead of moving to a much smaller house in a much different location.

5

If you had extended me the courtesy of discussing the case with me, I could have worked to try and get the DiBiase's to agree to complete the sale and enter into an agreed order placing the $350,000 of proceeds of the sale into an escrow account until the resolution of your lawsuit. As it stands now, perfecting the forfeiture of that house may very well cost Uncle Sam money, after deducting costs, local ad valorem taxes, expenses and the Marshal selling it for 75% of FMV at most.

If you decide to finish initiating your lawsuit, I will accept service on behalf of Mr. DiBiase. Please let your agents know that I represent him in this matter and that they should have no further contact with him.

Thanks,

Scott Gilbert
Watkins & Eager
601-965-1922
sgilbert@watkinseager.com

> On Jun 23, 2020, at 6:22 PM, Blackburn, Kerry (CRM) <Kerry.Blackburn2@usdoj.gov> wrote:
>
> Forwarded per my prior email.
>
>> **From:** Blackburn, Kerry (CRM)
>> **Sent:** Tuesday, June 23, 2020 6:42 PM
>> **To:** Robert Harrison <robert@rdharrisonlaw.com>; Fulcher, Dave (USAMSS) <DFulcher@usa.doj.gov>
>> **Subject:** RE: 115 Rosedowne Bend lis pendens
>>
>> Thank you for your courtesy. As I said, my lis pendens is only a notice document and the government is providing no instructions/advice to you regarding whether the sale is completed or what would/should happen with any proceeds of a sale. My duty at this time was to provide notice to individuals that might be affected by the lis pendens. I appreciate you taking the time to speak with us this evening about your interaction with law enforcement agents yesterday and your understanding of the process. Although Dave Fulcher was on speaker on the telephone of one of the agents during much, if not all, or your brief conversation yesterday, it was related to me, by a person not present during that conversation, that there may be some misunderstandings that arose out of that conversation.
>>
>> Please let me know if you have any further questions or concerns.
>>
>> Kerry
>>
>>> **From:** Robert Harrison <robert@rdharrisonlaw.com>
>>> **Sent:** Tuesday, June 23, 2020 6:03 PM
>>> **To:** Blackburn, Kerry (CRM) <Kerry.Blackburn@CRM.USDOJ.GOV>; Fulcher, Dave (USAMSS) <DFulcher@usa.doj.gov>
>>> **Subject:** 115 Rosedowne Bend lis pendens
>>>
>>> Kerry,

Thank you and Dave Fulcher for calling me this afternoon to discuss the lis pendens filed yesterday.  I am, or was, the closing attorney for the sale of this property from the Dibiases to the Carters.  I was of the mistaken impression that upon receipt of the net sales proceeds from this transaction, the lis pendens would be released.  Now I understand that this lis pendens will remain of record until the matter is disposed of through a separate court order, a settlement agreement or through the final resolution of the matter.

With the lis pendens remaining of record, we will not proceed with closing.  The prospective buyers have been notified, and presumably will terminate the contract with Dibiase immediately.  Please contact if you need any additional information from me.

Robert

*Robert D. Harrison, Attorney*
*717 Rice Road, Suite H*
*Ridgeland, Mississippi 39157*
*Phone: (601) 957-0002*
*Fax: (601) 957-2010*