UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                                  CIVIL ACTION NO. 3:20-CV-415-DPJ-FKB

THE REAL PROPERTY KNOWN AS 115
ROSEDOWNE BEND MADISON, MS
39110                                                                                DEFENDANT PROPERTY

ORDER

The United States obtained a stay in this civil-forfeiture case pending the resolution of its related criminal investigation. Claimants of the real property subject to forfeiture, Kristen DiBiase and Theodore Marvin DiBiase, Jr., now jointly move to lift the stay. For the following reasons, Claimants' motion to lift the stay is granted.

I.     Facts and Procedural History

On June 22, 2020, the Government filed a Verified Complaint for Forfeiture *in Rem* [3], seeking forfeiture of real property located at 115 Rosedowne Bend, Madison, Mississippi 39110 (defendant property). Verified Compl. [3] at 1. The Government sought forfeiture on the defendant property as part of a criminal investigation into Claimant Theodore DiBiase, Jr.'s and others' alleged misuse of federal funds. Collins Aff. [3-1] at ¶¶ 6, 22. Specifically, the Government alleges the defendant property is involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957, as it was allegedly purchased with funds derived from "theft or bribery concerning programs receiving Federal funds, in violation of 18 U.S.C. § 666(A)(1)(A)." Verified Compl. [3] at 1–2.

On the same day the Government filed its verified complaint, it also moved to stay the proceedings under 18 U.S.C. § 981(g)(1). Gov't's Mot. [4] at 1. It argued that a stay was

necessary because proceeding with civil discovery would adversely affect its ongoing criminal investigation into the alleged misuse of federal funds. *Id.* at 3–4. The Court granted the Government's motion to stay. June 22, 2020 Stay Order [5] 1–2.

Approximately one month later, Claimants submitted their claims on the defendant property as the titled owners. Kristen DiBiase Claim [11]; Theodore DiBiase, Jr. Claim [12]. The Claimants then filed a joint motion to dismiss the verified complaint [18] while the case was stayed. Claimants' Mot. [18] at 1. Claimants now seek to lift the stay, or in the alternative, partially lift the stay for the purpose of litigating their motion to dismiss. Claimants' Mot. [22] at 1. Claimants' Joint Motion to Lift the Stay [22] has been fully briefed. The Court has both subject-matter and personal jurisdiction.

II.     Analysis

Under 18 U.S.C. § 981(g)(1), the Government may obtain a stay in a civil-forfeiture proceeding if "the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." This requires the Court to make a two-step inquiry, first determining "whether a related criminal investigation or prosecution exists and, second, whether civil discovery will 'adversely affect' the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed." *United States v. $ 4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending 2653*, No. 3:17-CV-2989-D, 2019 WL 459645, at *2 (N.D. Tex. Feb. 6, 2019) (quoting *United States v. All Funds Contained in N. Trust Bank of Fla. Acct. No. 7240001868 (N. Trust Bank)*, No. Civ.A.3:04-CV-1476-G, 2004 WL1834589, at *2 (N.D. Tex. Aug. 10, 2004)).

Here, Claimants argue that the stay should be dissolved for two reasons.  First, they contend that the Government violated 18 U.S.C. § 981(g)(5) when it obtained the stay *ex parte*. Claimants' Mot. [22] at 2–3.  Next, they say the stay fails to meet § 981(g)(1)'s substantive requirements.  *Id.*  If those arguments fail, Claimants alternatively ask the Court to lift the stay to litigate their motion to dismiss for failure to state a claim.  *Id.*  They filed their motion to dismiss under Rules G(8)(B) and G(2)(f) of the Supplemental Rules for Admiralty and Maritime Claims and Civil Forfeiture Actions.

Starting with the *ex parte* motion to stay, Claimants argue that § 981(g)(1) does not contemplate *ex parte* motions, which is made plain when read in conjunction with § 981(g)(5). *Id.*  The latter section states: "In requesting a stay[,] . . . the Government may, in appropriate cases, submit *evidence ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."  18 U.S.C. § 981(g)(5) (emphasis added).  Thus, according to Claimants, § 981(g)(5) merely allows filing *evidence ex parte*, and if the Government could file the entire motion *ex parte*, it would render the clause meaningless. Claimant's Mot. [22] at 7–8 (citing *Williams v. Taylor,* 529 U.S. 362, 364 (2000) (holding that "the cardinal principle of statutory construction [is] that courts must give effect, if possible, to every clause and word of a statute")).

The Government responds that the motion to stay was not *ex parte* because the entire case was under seal.  Gov't's Resp. [25] at 7.  The Government offers no additional substantive argument on this point and offers no cases suggesting that a motion filed under seal is not, therefore, considered an *ex parte* motion.  By definition, *ex parte* means "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest . . . ." *Ex parte*, BLACK'S LAW DICTIONARY (11th ed. 2019).  And that

3

is what occurred here.  Perhaps there is more to the Government's argument than meets the eye.  And in the end, the ruling may not matter in this case because the stay should be lifted anyway.  Regardless, on this record and these arguments, the Court agrees with the Claimants, so the stay is lifted.  Those documents that are currently sealed will remain under seal.

This ruling will not prejudice the Government because nothing will be revealed that has not already been produced.  Moreover, if Claimants eventually seek discovery that would jeopardize the investigation or prosecution, the Government may file another motion to stay under § 981(g)(1).

That said, any future motions should not be filed before the motion to dismiss is decided because the Court alternatively grants Claimant's motion to lift the stay for that purpose.  Claimants argue that, like a motion under Federal Rule of Civil Procedure 12(b)(6), their motion to dismiss must be decided on the "four corners" of the complaint.  Claimant's Mot. [22] at 1.  They have thus represented to the Court that no discovery will be sought with respect to their motion to dismiss.  And absent discovery, the Government cannot show under § 981(g)(1) that "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

The Government pushes back on that, but its arguments are not compelling.  First, the Government cites cases that granted stays though there were no pending discovery requests.  Gov't's Resp. [25] at 8 (citing *United States v. All Funds on Deposit in Business Money Mkt. Acct. No. 028-942059-66*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004); *N. Trust Bank*, 2004 WL 1834589, at *2)).  Maybe so, but if there is no discovery allowed, then discovery cannot interrupt the investigation.  Second, the Government contends that Claimants' motion already raises issues outside the Complaint and therefore could lead to discovery.  *Id.* at 15.  But the Government does

not describe why Claimants' arguments would entitle them to discovery, and Claimants represent that none will be requested.

The Governments' final argument rests on Rule G(6)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Civil Forfeiture Actions. That rule states:

> The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. But if the claimant serves a motion to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served.

From this, the Government argues that "the motion can [therefore] result in other substantive actions in a civil forfeiture case." Gov't's Resp. [25] at 15. To begin, "other substantive actions" is not what § 981(g)(1) addresses. The Government must show that discovery will jeopardize its investigation or prosecution. In addition, Rule G(6)(a) addresses interrogatories *by the government* to claimants. The Government never explains how its right to propound discovery would harm its investigation. Finally, the interrogatories about which the rule speaks are limited to ones regarding the "claimant's identity and relationship to the defendant property." Fed. R. Civ. P. Supp. R. G(6)(a). Thus, the scope is narrow, and the Government has already disclosed a wealth of information regarding its investigation into that very nexus. Its affidavit and even its response to this motion reveal substantial information about Claimant's ownership and the investigation in general.[1]

---

[1] The Government has already disclosed much about this investigation, including information it has argued would jeopardize the investigation and prosecution. Though the Court has not addressed the sufficiency of the initial motion to stay, if the Government seeks a stay in the future, it should consider the breadth of information already produced and better explain why additional discovery should be protected under § 981(g)(1).

III.     Conclusion

The Court has considered all arguments raised by the parties, and there were several that did not merit discussion.  Those not addressed in this order would not have changed the result.  For the reasons stated, Claimants' Motion to Lift the Stay [4] is granted.  Pursuant to Local Uniform Civil Rule 7(b)(4), the Government should respond to Claimants' Joint Motion to Dismiss the Verified Complaint [18] within 14 days, and the Claimants should file their Reply to the Government's Response within seven days.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE