IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| **SEALED** | **PLAINTIFF** |
| V. | **CIVIL ACTION NO. 3:20-CV-415-DPJ-FKB** |
| **SEALED** | **DEFENDANT** |

## BRIEF OF DEEP SOUTH TODAY ("*MISSISSIPPI TODAY*") IN SUPPORT OF ITS MOTION TO INTERVENE AND UNSEAL COURT FILE

On August 17, 2022 Deep South Today ("*Mississippi Today*"), filed its Motion to Intervene and Unseal Court File. This brief is in support of that motion.

*Mississippi Today* is an online news publication headquartered in Ridgeland, Mississippi who seeks to unseal the court file in this case by filing its motion. Exhibit "A" to the Motion to Unseal Court File is a screen shot of the Pacer Docket Query which indicates the court file has been sealed with the following language: "Sealed v. Sealed. ***CASE UNDER SEAL***".

The federal district courts for the Northern and Southern Districts of Mississippi, pursuant to long standing First Amendment and common law considerations, first adopted their Local Uniform Civil Rule 79 on December 1, 2009 concerning sealing of court records. With limited exceptions "all pleadings and other materials filed with the court ("court records") become a part of the public record of the court". Local Uniform Civil Rule 79(a).

Local Uniform Civil Rule 79(e) now provides:

Rule 79. SEALING OF COURT RECORD

(e) Procedure for Filing Documents Under Seal or Sealing a case.

    (1)    A party submitting a document or portion of a document for filing under seal under a governing statute, rule, or order must note on the face of the document that it or a portion of it is filed under seal under that statute, rule, or order (specifying the statute(s), rule(s) or order(s) relied upon). The clerk will provide public notice by stating on the docket that the document contains sealed material.

    (2)    Any document not covered by section (e)(1) and filed with the intention of being sealed must be accompanied by a motion to seal. The clerk will provide public notice by docketing the motion in a way that discloses its nature as a motion to seal. The document and any confidential memoranda will be treated as sealed pending the outcome of the ruling on 31 the motion. Any filing unaccompanied by a motion to seal will be treated as a public record.

    (3)    Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:

        (A) A non-confidential description of what is to be sealed;

        (B) A specific request that the document or case:

            (1)    Be sealed from any access by the public and the litigants' counsel;
            (2)    Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
            (3)    Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

        (C) A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice;

        (D) References to governing case law; and

> (E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
>
> (F) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion memoranda will be treated as sealed pending the outcome of the ruling on the motion.

Since the Pacer Docket Query attached as Exhibit "A" to the motion to unseal reveals nothing meaningful about the case, the proceedings, or filed pleadings, *Mississippi Today* cannot determine what, if any, of the requirements of Local Uniform Civil Rule 79(e) have been met. There is no public notice docketing the motion to seal "in a way that discloses its nature as a motion to seal".

And, as set forth above, Local Uniform Civil Rule 79(e)(3) requires that a motion to seal "must be accompanied by a non-confidential supporting memorandum". That does not appear on the Pacer Docket Query attached as Exhibit "A" to the motion to unseal, therefore, *Mississippi Today* cannot determine whether requirements of Local Uniform Civil Rule 79(3)(A) – (F) have been met.

*Mississippi Today* and the public are left without any information whatsoever about this court file except that it has been sealed.

Without diminishing the importance of all provisions of Local Uniform Civil Rule 79, as required by Local Uniform Civil Rule 79(e)(3)(C), specifically, there is no statement of "why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice".

Local Uniform Civil Rule 79 is merely an extension of long established First Amendment and federal common law recognizing that unless there are compelling

3

circumstances, all federal district court files must remain open. "The First Amendment requires not only a presumption of openness of the courtroom but of openness of court files as well". *U.S. v. Nix,* 976, F. Supp. 417, 420 (S.D. Miss. 1997), citing *SEC v. Van Waeyenberghe,* 990 F. 2d 845, 848-50 (5th Cir. 1993) and *In re Gannett News Service, Inc.* 772 F. 2d 113, 115, 116 (5th Cir. 1985).

"The presumption of openness to the court file .... can be overcome, but only when it is shown by the party seeking closure of the .... court file that 'there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights'". *Nix,*[1] 420.

"Even though the right is qualified, the public and press are entitled to prior notice of any attempt by the Court or party to close the courtroom or seal the court file." *Nix,* 420.

"A party seeking to close a court proceeding or file must advance an overriding interest that is likely to be prejudiced, such as the rights of defendants.... to a fair trial". *Nix,* 420.

"There is a 'presumption in favor of the public's access to judicial records,' and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must 'balance the public's common-law right of access against the interests favoring nondisclosure'". *BG v. Banks,* 2016 WL 7480402 *1 (N.D. Miss. 2016).

---

[1] In *Nix*, the U.S. District Court for the Southern District of Mississippi recognized the right of the press to unseal a sealed court file. The movant in that case was the Sun Herald newspaper in Biloxi, Mississippi. In the instant case, the movant is *Mississippi Today*, which is likewise a member of the news media and has a standing to move to unseal the court file.

4

The party seeking to close the court file must establish that its interests in nondisclosure "outweigh the public's interest in access to court files". *Trustees of Central States, Southeast and Southwest Areas Health and Welfare Fund v. Clark*, 2008 WL 11506275 (S.D. Miss. 2008), citing *Van Waeyenberglhe*, 845, 848..

## CONCLUSION

For these reasons *Mississippi Today* respectfully moves the Court to allow it to intervene and request the Court to unseal the file in this case.

Respectfully submitted, this the 17th day of August, 2022.

DEEP SOUTH TODAY ("*Mississippi Today*")

BY: _____
HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify I cannot serve notice of this Memorandum in Support of Motion to Intervene and Unseal Court File until I learn the identities and addresses of the parties.

This the 17th day of August, 2022.

_____
HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141