UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.                                                                  CIVIL ACTION NO. 3:20-CV-415-DPJ-FKB

REAL PROPERTY KNOWN AS 115                                                                DEFENDANT
ROSEDOWNE BEND, MADISON,
MISSISSIPPI 39110

ORDER

This civil-forfeiture action is before the Court on the Government's motion seeking leave to amend.  Mot. [48].  Having fully considered the parties' briefs, the Court finds the motion should be granted.

I.     Background

In its original Complaint, the Government sought civil forfeiture of 115 Rosedowne Bend, Madison, Mississippi, 39110 (the "Property"), alleging that it relates to proceeds from federal-program fraud under 18 U.S.C. § 666.  Claimants Theodore DiBiase Jr. and Kristen DiBiase (the Property owners) moved to dismiss, and the Court granted their motion.  *See* Order [46].  The Court's Order on that motion provided the factual and procedural background for this dispute, along with the relevant legal analysis, and is incorporated by reference.  The Court writes the present Order primarily for the parties and the record.

In basic terms, the Court granted Claimants' motion to dismiss but denied their request for dismissal with prejudice.  Order [46] at 9–11.  The Court then gave the Government a deadline to seek leave to amend, and the Government did so, attempting to plug the holes in the original pleading.  *See* Mot. [48].  Claimants say the Proposed Amended Complaint remains deficient, but the Court finds that it should be allowed.

II.     Standards

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> The Supreme Court has set forth five factors [(termed "the *Foman* factors")] for courts to consider in reviewing a motion for leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] [5] futility of the amendment."

*United States ex rel. Lin v. Mayfield*, 773 F. App'x 789, 790 (5th Cir. 2019) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "'[A]bsent a "substantial reason" such as' any of the *Foman* factors, 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).[1]

Here, Claimants argue that the Government's amendment is futile for its failure to state a claim. "[A] district court may properly deny leave to amend 'where the proposed amendment would be futile because it could not survive a motion to dismiss.'" *Melancon v. Carnival Corp.*, 835 F. App'x 721, 727 (5th Cir. 2020) (quoting *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)). But "denial of leave to amend is improper where the amendment adds claims that are not *clearly* futile." *De La Garza Gutierrez v. Pompeo*, 741 F. App'x 994, 1000 (5th Cir. 2018) (emphasis added) (citing 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487 (3d ed. 2010)).

---

[1] The Court is aware of the pleading standards applicable to forfeiture proceedings.  *See* Fed. R. Civ. P. Supp. R. G(2).

III.     Analysis

The Government seeks forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C), which require proof by a preponderance of the evidence, that the property for which forfeiture is sought relates to an underlying specified unlawful activity. The specified unlawful activity asserted in the first Complaint was federal-program fraud under 18 U.S.C. § 666. But the Court concluded that § 666 requires fraud by an agent perpetrated against that agent's principle. *See* Order [46] at 8. The original Complaint identified DiBiase Jr. as the fraudster but failed to plausibly allege that he was an agent of the two entities he allegedly defrauded—Mississippi Department of Human Services (MDHS) and Family Resource Center of Northern Mississippi. *Id.* Nor did it plausibly allege that he defrauded the entity for which he was an alleged agent, Familiae Orientem LLC (Familiae). *Id.*

The Government now alleges, in its Proposed Amended Complaint, that DiBiase Jr. defrauded Familiae. *See, e.g.*, Proposed Am. Compl. [48-1] ¶ 52. It also alleges that Mark Davis, the former MDHS executive director, "intentionally caused . . . [federal] funds under the control of MDHS to be misapplied." *Id.* ¶ 34. Thus, Davis is alleged to have defrauded his principal, MDHS, and DiBiase Jr. is alleged to have defrauded his principal, Familiae. *See id.* Because the Proposed Amended Complaint states a plausible claim for forfeiture, the Court grants leave to amend.

IV.     Conclusion

The Court has considered all arguments; those not addressed would not alter the results. The Government's motion [48] is granted. Within one week of this Order, the Government should docket its Proposed Amended Complaint as its First Amended Complaint.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
