

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CIVIL ACTION NO. 3:20CV415-DPJ-FKB

THE REAL PROPERTY KNOWN AS
115 ROSEDOWN BEND
MADISON, MISSISSIPPI 39110

## THEODORE MARVIN DIBIASE JR.'S ANSWER TO THE AMENDED COMPLAINT

Claimant, by and through undersigned counsel, responds as follows to the allegations of the Amended Complaint:

1. It is admitted that this is an action seeking the forfeiture of the defendant property. All other allegations in paragraph 1 are denied.

2. The allegations in paragraph 2 are admitted.

3. The allegations regarding venue in paragraph 3 are admitted. The allegation that an "act and/or omission[]" occurred that gives rise to a forfeiture is denied.

4. The allegations in paragraph 4 are admitted.

5. The allegations in paragraph 5 are admitted.

6. The allegations in paragraph 6 are admitted.

7. The allegations in paragraph 7 are admitted, in as much as the quoted text appears to be an accurate representation of the cited source.

8. The claimant is without sufficient knowledge to either admit or deny the allegations in paragraph 8. As such, they are denied.

6. The allegations in paragraph 6 are legal conclusions that do not require a response. To the extent the allegations in paragraph 6 are intended to allege the defendant

property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

7. The allegations in paragraph 7 are legal conclusions that do not require a response. To the extent the allegations in paragraph 7 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

8. The allegations in paragraph 8, including the allegations incorporated by reference, are denied.

9. It is denied that contracts and grants involving TANF funds must be awarded pursuant to a competitive procurement process as defined in Title 2, Subpart D of the Code of Federal Regulations. *See* 2 C.F.R. § 200.320." Title 2 C.F.R § 200.320(f)(3) permits "procurement by noncompetitive proposals" when the "pass-through entity expressly authorizes noncompetitive proposals." Upon information and belief, the Office of the State Auditor and the FBI are in possession of MDHS documents entitled "Administrative Review Memorandum – Subgrants Only" that permit the use of non-solicitation contracts to execute the various Social Services Block Grants ("SSBG's"), i.e. TANF and other similar SSBG's funded to FRC and MCEC by MDHS. These documents include authorization signatures of representatives of MDHS, an Assistant Attorney General, and the Director of MDHS Program Integrity, among others. It is admitted that multiple contracts were let to Priceless Ventures, LLC ("Priceless") and to Familiae Orientum, LLC ("Familiae") for professional services from both MCEC and the FRC. The remaining allegations in paragraph 9 are denied.

10. It is admitted that Davis became Executive Director of MDHS as stated. All other allegations are legal conclusions that do not require a response. As such, the remaining allegations are denied.

11. The allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 are admitted.

13. With regard to paragraph 13, it is admitted that Familiae's organization documents were filed with the Wyoming Secretary of State on June 25, 2018 by Heather Buller, an employee of the claimant's CPA. It is admitted that Familiae was registered in Mississippi as a foreign LLC on July 17, 2018. It is admitted that Scott Elliott was the only manager listed in the Articles of Organization. It is admitted that Heather Buller was added as the registered agent on June 18, 2019.

14. Claimant is without sufficient knowledge to fully admit or deny the allegations in paragraph 14. As such, they are denied.

15. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 15, particularly regarding the content of messages he was not a party to. As such, they are denied.

16. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 16. As such, they are denied.

17. The allegations in paragraph 17 are denied.

18. The allegation in the first sentence of paragraph 18 is admitted. The remainder of paragraph 18 is denied.

19. The allegation in the first sentence of paragraph 19 is admitted. The remainder of paragraph 19 is denied.

20. The allegations in paragraph 20 are denied. TEFAP funding is permitted to be used for workforce development and training as well as for "emergency food assistance."

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied.

23. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 23. As such, they are denied.

24. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 24. As such, they are denied.

25. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 25. As such, they are denied.

26. The allegations in paragraph 26 are denied.

27. It is admitted that claimant was never an employee of MDHS. It is admitted that Claimant communicated with Davis as well as various other MDHS employees "frequently" during the relevant time period. It is admitted that Davis assigned claimant and MDHS email address. It is admitted that Davis had MDHS designate an office for the claimant to use. Claimant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 27. As such, they are denied.

28. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 28. As such, they are denied.

29. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 29. As such, they are denied.

30. It is admitted that Scott Elliott does not control Familiae, and that Scott Elliott would have no reason to know about any specific functions, activities or contracts regarding

Familiae. It is admitted that Claimant gave Elliott, his friend, a 1 percent ownership interest in Familiae out of gratitude. Claimant is without sufficient knowledge to either admit or deny what Scott Elliott said to federal law enforcement, and as such those allegations in paragraph 30 are denied.

31. The first sentence of paragraph 31 is denied. Claimant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 31. As such, they are denied.

32. With regard to paragraph 32, it is admitted that Familiae and FRC entered into a contract to create and implement the RISE program. Claimant does not have a copy of this contract and as such, he is without sufficient knowledge to admit or deny the remaining allegations in paragraph 32. As such, the remaining allegations in paragraph 32 are denied.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are denied.

35. The allegations in paragraph 35 are admitted inasmuch as they are a quotation of the cited statute.

36. With regard to paragraph 36, it is admitted that Familiae and FRC entered into a contract to create and implement the RISE program. Claimant does not have a copy of this contract and as such, he is without sufficient knowledge to admit or deny the remaining allegations in paragraph 36. As such, the remaining allegations in paragraph 36 are denied.

37. Claimant does not have a copy of this contract and as such, he is without sufficient knowledge to admit or deny the remaining allegations in paragraph 37. As such, the remaining allegations in paragraph 37 are denied.

38. With regard to paragraph 38, it is admitted that a meeting occurred at the Westin Hotel at some point, for the purpose of discussing the RISE program. Claimant is without

sufficient knowledge to admit or deny the remaining allegations included in paragraph 38. As such, the remaining allegations of paragraph 38 are denied.

39. The allegations in paragraph 39 are denied.

40. It is admitted that at some point in close proximity to the Westin Hotel meeting, John Davis informed Claimant that staff from MCEC, FRC and MDHS would be used to perform some of the work related to the execution of the RISE program. It is denied that "employees of FRC, MCEC and MDHS [were designated] to fulfill the duties to be performed [by the]contract." Claimant was advised by John Davis that he was responsible for paying all costs associated with the contract, including any services provided by persons who were not employed by FRC, MCEC or MDHS. Claimant continued to perform under the terms of the contract for the duration of his engagement with FRC and MCEC. FBI and HHS-OIG Agents were provided with this information on May 8, 2020, including the names of witnesses that Claimant worked with in the community to further his efforts to implement the RISE program in the Jackson, Mississippi area. All other allegations not specifically addressed in paragraph 40 are denied.

41. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 41. As such, they are denied.

42. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 42. As such, they are denied.

43. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 43. As such, they are denied.

44. It is admitted that Familiae was created for the purpose of entering into the aforementioned contract with FRC to create the RISE program. The use of unique LLC's for

carrying on businesses is a usual and customary practice throughout the United States and most of the free world. The remaining allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

47. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 47. As such, they are denied.

48. It is admitted that shortly before John Davis retired in Mid-2019, he indicated to the Claimant that the RISE program would be taken "in-house" and overseen at MDHS as opposed to being overseen by FRC or MCEC. Upon information and belief, this occurred as a result of the Governor directing John Davis to cease funding and working with FRC because FRC's Executive Director, Christie Webb, was openly supporting Jim Hood in the race for Mississippi Governor. The claimant, who witnessed Bryant give that direction to Davis, was subsequently informed by Davis that his contracts with FRC would be moved to MCEC. This did not affect Claimant's performance under the contract. Any impediment to Claimant's performance under the contract were the direct result of actions taken by John Davis, the Executive Director of MDHS. Those actions constitute an unlawful interference with Claimant's performance under the contract. Any remaining allegations in paragraph 48 are denied.

49. The allegation, that somehow Claimant was to have completed all work on the TEFAP contract within one month of executing it, is denied. All other allegations in paragraph 49 are denied.

50. The allegations in paragraph 50 are denied.

51. The allegations in paragraph 51 are denied.

52. The allegation in paragraph 52, which infers that Claimant somehow acted in a manner that tricked or defrauded Familiae, is puerile, and is denied. Claimant was the 99% owner of Familiae. In order for Claimant to have tricked or defrauded Familiae, he would have had to trick or defraud himself. The allegation that the funds paid to Familiae had to be used only "for the purpose of creating and executing the RISE Program" is a legal conclusion that does not require a response. It is also legally incorrect. As such, it is denied. All other allegations in paragraph 52 are denied.

53. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 53. As such, they are denied.

54. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 54. As such, they are denied.

55. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 55. As such, they are denied.

56. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 56. As such, they are denied.

57. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 57. As such, they are denied.

58. The allegations in paragraph 58 are denied.

59. The allegations in paragraph 59 are denied.

60. It is admitted that the defendant property is titled to Claimant and to the co-claimant, his spouse, Kristen DiBiase. It is also admitted that the defendant property is the personal home of Claimant and his spouse. The remaining allegations in paragraph 60 are denied.

61. The allegations in paragraph 61 are denied. The Claimant in every instance, and in some instances his spouse, are listed as the sole owner(s) and signatory on each account described in this Complaint. Claimant is the clear and unambiguous signer of all of the checks and other documents associated with the respective accounts. Moreover, all of the relevant federal income tax returns for Familiae and Priceless have been produced to the government in response to a grand jury subpoena. On each and every tax return for Priceless and Familiae, Claimant is identified as either the sole owner, or the 99% owner of the respective entities. Claimant and his spouse are listed on the closing paperwork associated with the purchase of the defendant property, and Claimant is the signatory on each of the contracts between Priceless and Familiae and MCEC and FRC. It is denied that the use of multiple bank accounts, each of which the ownership and control are openly documented to be the Claimant, is in any way indicative of an intent to conceal the source of the funds held therein.

62. The allegations in paragraph 62 are denied.

63. Paragraph 63 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 63 is denied.

64. Paragraph 64 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 64 is denied.

65. Paragraph 65 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 65 is denied.

66. Paragraph 66 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 66 is denied.

67. Paragraph 67 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 67 is denied.

68. Paragraph 68 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 68 is denied.

69. Paragraph 69 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 69 is denied.

70. The allegations in paragraph 70 are denied.

71. The allegations in paragraph 71 are legal conclusions that do not require a response. To the extent the allegations in paragraph 71 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

72. The allegations in paragraph 72 are legal conclusions that do not require a response. To the extent the allegations in paragraph 72 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

73. The allegations in paragraph 73 are denied.

74. The allegations in paragraph 74 are legal conclusions that do not require a response. To the extent the allegations in paragraph 74 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

75. The allegations in paragraph 75 are legal conclusions that do not require a response. To the extent the allegations in paragraph 75 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

76. The allegations in paragraph 76 are denied.

77. The allegations in paragraph 77 are legal conclusions that do not require a response. To the extent the allegations in paragraph 77 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

78. The allegations in paragraph 78 are legal conclusions that do not require a response. To the extent the allegations in paragraph 78 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

79. The allegations in paragraph 79 are denied.

80. The allegations in paragraph 80 are legal conclusions that do not require a response. To the extent the allegations in paragraph 80 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

81. The allegations in paragraph 81 are legal conclusions that do not require a response. To the extent the allegations in paragraph 81 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

82. The allegations in paragraph 82 are denied.

83. The allegations in paragraph 83 are legal conclusions that do not require a response. To the extent the allegations in paragraph 83 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

84. The allegations in paragraph 84 are legal conclusions that do not require a response. To the extent the allegations in paragraph 84 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

85. The allegations in paragraph 85 are denied.

86. The allegations in paragraph 86 are legal conclusions that do not require a response. To the extent the allegations in paragraph 86 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

87. The allegations in paragraph 87 are legal conclusions that do not require a response. To the extent the allegations in paragraph 87 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

88. The allegations contained in the unnumbered paragraph beginning with "WHEREFORE" are denied.

## AFFIRMATIVE DEFENSES

89. Having fully answered the allegations in the Amended Complaint, the defendants set forth the following affirmative defenses:

### First Defense

90. The Amended Complaint fails to allege sufficient facts to constitute a cause of action on which relief can be granted to the Plaintiff against the Defendant Property or Claimant's interest in same.

## Second Defense

91.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## Third Defense

92.     Claimant invoke the defenses, protections, and limitations of Title 18, United States Code, Section 981(d)(1),(2),(3)&(5).

## Fourth Defense

93.     Any and all actions taken by the Claimant with respect to any of the matters alleged were taken in good faith and in accordance with established industry practice.

## Fifth Defense

94.     The Plaintiff's claims are barred, in whole or in part, because the Claimant has complied with all applicable and material statutes, regulations, standards, specifications and laws of the federal and state governments.

## Sixth Defense

95.     The Plaintiff's claims are barred, in whole or in part, because the claimant did not directly or indirectly engage in any conduct in violation of any state or federal law.

## Seventh Defense

96.     The Amended Complaint fails to allege sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

## Eighth Defense

97.     The forfeiture sought by the Amended Complaint would be excessive and would violate the Excessive Fines Clause of the Eighth Amendment to the Constitution.

98. Claimant reserves the right to add additional affirmative defenses as they may be determined by further proceeding in this matter.

99. Claimant demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Dated: September 20, 2022.

                                              Respectfully submitted,

                                              THEODORE MARVIN DIBIASE, JR.
                                              CLAIMANT

By: _____
                                          J. Scott Gilbert
                                          Counsel for the Claimant

OF COUNSEL:

J. Scott Gilbert, Esq. (MS Bar No. 102123)
WATKINS & EAGER PLLC
P.O. Box 650 Jackson, MS 39205-0650
Telephone: 601-965-1900
Facsimile: 601-965-1901
sgilbert@watkinseager.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel for the claimant, have caused this pleading to be served on all interested parties via email to:

Dave H. Fulcher
Dave.Fulcher@usdoj.gov

Chalk, Erin
EChalk@usa.doj.gov

Adrienne E. Rosen
Adrienne.Rosen@usdoj.gov

Mark D. Ray
markdannelray@gmail.com

This the 20th day of September, 2022.

By: _____
J. Scott Gilbert