

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                          CIVIL ACTION NO. 3:20CV415-DPJ-FKB

THE REAL PROPERTY KNOWN AS
115 ROSEDOWN BEND
MADISON, MISSISSIPPI 39110

### KRISTEN DIBIASE ANSWER TO THE AMENDED COMPLAINT

Claimant, by and through undersigned counsel, responds as follows to the allegations of the Amended Complaint:

1. It is admitted that this is an action seeking the forfeiture of the defendant property. All other allegations in paragraph 1 are denied.

2. The allegations in paragraph 2 are admitted.

3. The allegations regarding venue in paragraph 3 are admitted. The allegation that an "act and/or omission[]" occurred that gives rise to a forfeiture is denied.

4. The allegations in paragraph 4 are admitted.

5. The allegations in paragraph 5 are admitted.

6. The allegations in paragraph 6 are admitted.

7. The allegations in paragraph 7 are admitted, in as much as the quoted text appears to be an accurate representation of the cited source.

8. The claimant is without sufficient knowledge to either admit or deny the allegations in paragraph 8. As such, they are denied.

6. The allegations in paragraph 6 are legal conclusions that do not require a response. To the extent the allegations in paragraph 6 are intended to allege the defendant

property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

7. The allegations in paragraph 7 are legal conclusions that do not require a response. To the extent the allegations in paragraph 7 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

8. The allegations in paragraph 8, including the allegations incorporated by reference, are denied.

9. It is denied that contracts and grants involving TANF funds must be awarded pursuant to a competitive procurement process as defined in Title 2, Subpart D of the Code of Federal Regulations. *See* 2 C.F.R. § 200.320." Title 2 C.F.R § 200.320(f)(3) permits "procurement by noncompetitive proposals" when the "pass-through entity expressly authorizes noncompetitive proposals." Upon information and belief, the Office of the State Auditor and the FBI are in possession of MDHS documents entitled "Administrative Review Memorandum – Subgrants Only" that permit the use of non-solicitation contracts to execute the various Social Services Block Grants ("SSBG's"), i.e. TANF and other similar SSBG's funded to FRC and MCEC by MDHS. These documents include authorization signatures of representatives of MDHS, an Assistant Attorney General, and the Director of MDHS Program Integrity, among others. It is admitted that multiple contracts were let to Priceless Ventures, LLC ("Priceless") and to Familiae Orientum, LLC ("Familiae") for professional services from both MCEC and the FRC. The remaining allegations in paragraph 9 are denied.

10. It is admitted that Davis became Executive Director of MDHS as stated. All other allegations are legal conclusions that do not require a response. As such, the remaining allegations are denied.

11. The allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 are admitted.

13. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 13. As such, they are denied.

14. Claimant is without sufficient knowledge to fully admit or deny the allegations in paragraph 14. As such, they are denied.

15. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 15, particularly regarding the content of messages he was not a party to. As such, they are denied.

16. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 16. As such, they are denied.

17. The allegations in paragraph 17 are denied.

18. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 18. As such, they are denied.

19. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 19. As such, they are denied.

20. The allegations in paragraph 20 are denied. TEFAP funding is permitted to be used for workforce development and training as well as for "emergency food assistance."

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied.

23. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 23. As such, they are denied.

24. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 24. As such, they are denied.

25. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 25. As such, they are denied.

26. The allegations in paragraph 26 are denied.

27. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 27. As such, they are denied.

28. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 28. As such, they are denied.

29. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 29. As such, they are denied.

30. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 30. As such, they are denied.

31. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 31. As such, they are denied.

32. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 32. As such, they are denied.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are denied.

35. The allegations in paragraph 35 are admitted inasmuch as they are a quotation of the cited statute.

36. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 36. As such, they are denied.

37. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 37. As such, they are denied.

38. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 38. As such, they are denied.

39. The allegations in paragraph 39 are denied.

40. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 40. As such, they are denied.

41. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 41. As such, they are denied.

42. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 42. As such, they are denied.

43. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 43. As such, they are denied.

44. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 44. As such, they are denied.

45. The allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

47. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 47. As such, they are denied.

48. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 48. As such, they are denied.

49. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 49. As such, they are denied.

50. The allegations in paragraph 50 are denied.

51. The allegations in paragraph 51 are denied.

52. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 52. As such, they are denied.

53. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 53. As such, they are denied.

54. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 54. As such, they are denied.

55. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 55. As such, they are denied.

56. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 56. As such, they are denied.

57. Claimant is without sufficient knowledge to admit or deny the allegations in paragraph 57. As such, they are denied.

58. The allegations in paragraph 58 are denied.

59. The allegations in paragraph 59 are denied.

60. It is admitted that the defendant property is titled to Claimant and to the co-claimant, her spouse, Theodore Marvin DiBiase, Jr. It is also admitted that the defendant property is the personal home of Claimant and her spouse. The remaining allegations in paragraph 60 are denied.

61. The allegations in paragraph 61 are denied.

62. The allegations in paragraph 62 are denied.

63. Paragraph 63 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 63 is denied.

64. Paragraph 64 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 64 is denied.

65. Paragraph 65 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 65 is denied.

66. Paragraph 66 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 66 is denied.

67. Paragraph 67 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 67 is denied.

68. Paragraph 68 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 68 is denied.

69. Paragraph 69 is a statement of the law and does not require a response. Out of an abundance of caution, paragraph 69 is denied.

70. The allegations in paragraph 70 are denied.

71. The allegations in paragraph 71 are legal conclusions that do not require a response. To the extent the allegations in paragraph 71 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

72. The allegations in paragraph 72 are legal conclusions that do not require a response. To the extent the allegations in paragraph 72 are intended to allege the defendant

property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

73. The allegations in paragraph 73 are denied.

74. The allegations in paragraph 74 are legal conclusions that do not require a response. To the extent the allegations in paragraph 74 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

75. The allegations in paragraph 75 are legal conclusions that do not require a response. To the extent the allegations in paragraph 75 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

76. The allegations in paragraph 76 are denied.

77. The allegations in paragraph 77 are legal conclusions that do not require a response. To the extent the allegations in paragraph 77 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

78. The allegations in paragraph 78 are legal conclusions that do not require a response. To the extent the allegations in paragraph 78 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

79. The allegations in paragraph 79 are denied.

80. The allegations in paragraph 80 are legal conclusions that do not require a response. To the extent the allegations in paragraph 80 are intended to allege the defendant

property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

81. The allegations in paragraph 81 are legal conclusions that do not require a response. To the extent the allegations in paragraph 81 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

82. The allegations in paragraph 82 are denied.

83. The allegations in paragraph 83 are legal conclusions that do not require a response. To the extent the allegations in paragraph 83 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

84. The allegations in paragraph 84 are legal conclusions that do not require a response. To the extent the allegations in paragraph 84 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

85. The allegations in paragraph 85 are denied.

86. The allegations in paragraph 86 are legal conclusions that do not require a response. To the extent the allegations in paragraph 86 are intended to allege the defendant property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

87. The allegations in paragraph 87 are legal conclusions that do not require a response. To the extent the allegations in paragraph 87 are intended to allege the defendant

property is subject to forfeiture, or that a violation of any federal law giving rise to forfeiture has occurred, those allegations are denied.

88.     The allegations contained in the unnumbered paragraph beginning with "WHEREFORE" are denied.

## AFFIRMATIVE DEFENSES

89.     Having fully answered the allegations in the Amended Complaint, the defendants set forth the following affirmative defenses:

### First Defense

90.     The Amended Complaint fails to allege sufficient facts to constitute a cause of action on which relief can be granted to the Plaintiff against the Defendant Property or Claimant's interest in same.

### Second Defense

91.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Defense

92.     Claimant invoke the defenses, protections, and limitations of Title 18, United States Code, Section 981(d)(1),(2),(3)&(5).

### Fourth Defense

93.     Any and all actions taken by the Claimant with respect to any of the matters alleged were taken in good faith and in accordance with established industry practice.

### Fifth Defense

94. The Plaintiff's claims are barred, in whole or in part, because the Claimant has complied with all applicable and material statutes, regulations, standards, specifications and laws of the federal and state governments.

### Sixth Defense

95. The Plaintiff's claims are barred, in whole or in part, because the claimant did not directly or indirectly engage in any conduct in violation of any state or federal law.

### Seventh Defense

96. The Complaint fails to allege sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

### Eighth Defense

97. The forfeiture sought by the Complaint would be excessive and would violate the Excessive Fines Clause of the Eighth Amendment to the Constitution.

98. Claimant reserves the right to add additional affirmative defenses as they may be determined by further proceeding in this matter.

99. Claimant demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Dated: September 21, 2022.

Respectfully submitted,

KRISTEN DIBIASE
CLAIMANT

By: _____
Mark D. Ray
Counsel for the Claimant

OF COUNSEL:

Mark D. Ray, Esq. (MS Bar No. 4652)
3352 Hwy 18, Brandon MS 39042
Telephone: 601-497-2887
markdannelray@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel for the claimant, have caused this pleading to be served on all interested parties via the CM/ECF system.

      Dave H. Fulcher
      Dave.Fulcher@usdoj.gov

      Chalk, Erin
      EChalk@usa.doj.gov

      Adrienne E. Rosen
      Adrienne.Rosen@usdoj.gov

      J. Scott Gilbert
      sgilbert@watkinseager.com

This the 21st day of September, 2022.

_____
Mark D. Ray