IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CIVIL CASE NO. 3:20-cv-415-DPJ-FKB |
| REAL PROPERTY KNOWN AS<br>115 ROSEDOWNE BEND<br>MADISON, MISSISSIPPI 39110 | DEFENDANT PROPERTY |

**JOINT AGREEMENT FOR THE INTERLOCUTORY SALE OF PROPERTY**

Plaintiff United States of America and Theodore Marvin DiBiase, Jr. and Kristen DiBiase (the "DiBiases") (collectively, the "Parties"), through their respective counsel of record, hereby agree and stipulate as follows:

1. On June 22, 2020, the United States filed a Verified Complaint for Forfeiture [3], seeking the forfeiture of all right, title, and interest in real property subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C), because the defendant property was involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957, and "constitutes or is derived from proceeds traceable to a … 'specified unlawful activity' (defined in section 1956(c)(7) of this title) …"   On August 23, 2022, the United States filed a First Amended Complaint [56] to include a further description of the facts giving rise to forfeiture.   The defendant property is located at **115 Rosedowne Bend, Madison, Mississippi 39110**, and is more particularly described as:

> Lot R-8 ROSEDOWNE – BLOCK "R" @ REUNION, a subdivision according to the map or plat thereof which is on file and of record in the office of the Chancery Clerk of Madison County at Canton, Mississippi, in Plat Cabinet E, Slide 50B-51A, reference to which is hereby made in aid of and as part of this description.

According to the warranty deed, the defendant property is currently owned by Theodore Marvin DiBiase, Jr. and Kristen DiBiase.

**EXHIBIT A**

4. Based on the information the parties have, Theodore Marvin DiBiase, Jr. and Kristen DiBiase are the owners of the defendant property.   Renasant Bank has filed a Claim [39] and Answer [42] alleging its "interest in the defendant property by virtue of a valid and existing Promissory Note and Deed of Trust."

5. The parties agree to sell defendant property in order to preserve and protect presently existing equity, prevent Renasant Bank's foreclosure of the property, and prevent the parties from incurring unnecessary additional expenses for the property.   The U.S. Marshals Service (USMS) will sell the defendant property in a commercially reasonable manner on behalf of the parties, handling all aspects of the sale in accordance with existing policies at the sole discretion of the USMS, with all offers subject to the U.S. Attorney's approval.

6. The parties further recognize accomplishing such a sale requires assuring any buyers of the defendant property, of the following:

   a. That the Buyers will take clear and marketable title at closing; and

   b. That, upon closing, the United States will forego all claims to defendant property which might otherwise exist in connection with the facts and circumstances giving rise to the instant civil forfeiture action, and/or in connection with any criminal prosecution arising out of those same facts and circumstances.

7. For purposes of accomplishing a commercially reasonable sale in an arm's length transaction intended to preserve and protect equity in defendant property for the benefit of the parties, the parties further stipulate and agree that:

   a. Theodore Marvin DiBiase, Jr. and Kristen DiBiase are the sole owners of the defendant property and declare that the only known other party with an interest in the defendant property is Renasant Bank for the aforementioned lien.

   b. The purchase price of the defendant property will include the property,



       together with all existing improvements and fixtures, to be further described in the Contract.

c.    Any offers must be made in writing and are subject to approval by the U.S. Attorney's Office.

d.    The Closing will be scheduled to take place within a reasonable period after the acceptance of the written offer.   The closing attorney shall provide the settlement statement to the United States at least 72 hours in advance of the closing for final approval.

e.    At least 72 hours in advance of the closing, the Buyers will provide an affidavit attesting to the arms-length nature of the transaction.

f.    The Title/Escrow Officer shall be instructed to send an official check made payable to the U.S. Marshals Service in the amount of the net proceeds from the sale of Defendant Property C-013 to the U.S. Marshals Service, 501 East Court Street, Suite 1.150, Jackson, MS 39201, c/o Tracey Jones.

g.    The net proceeds of the sale of defendant property will be subject to forfeiture in lieu of the property.   The net proceeds from the sale of defendant property will include all money realized from the sale of the real property, except for the following:

    (1)    Reasonable real estate commissions;

    (2)    Amounts due to the holder of any valid lien which was recorded prior to the time the United States' *lis pendens* was recorded;

    (3)    Real estate property taxes which are due and owing;

    (4)    Insurance costs, if any;

    (5)    Title fees;

    (6)    HOA fees;

    (7)    Escrow fees and expenses;

    (8)    County transfer taxes; and

    (9)    Any required fees or taxes associated with filing and/or recording the release of *lis pendens* and any necessary deeds or other real estate transfer documents.


**EXHIBIT A**

    h.    The United States will deposit the net proceeds of the sale into an escrow account and maintain the net proceeds in said account until a final judgment has been entered with regard to the defendant property.

    i.    The Title/Escrow Company shall forward paperwork regarding the completed sale of the above-described real property to the United States at the close of escrow.

8.    Theodore Marvin DiBiase, Jr. and Kristen DiBiase represent that they freely and voluntarily enter into this Joint Agreement for the Interlocutory Sale of Property without any duress or compulsion whatsoever and agrees unconditionally to release, hold harmless, acquit, and discharge the United States of America, the Federal Bureau of Investigation, U.S. Marshals Service and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims, demands, or causes of actions by them and/or their successors, assignees, agents, and employees arising from their entry, participation in, and/or effectuation of this agreement.

9.    The parties each agree to bear their own litigation expenses, including, but not limited to, attorneys' fees, as they relate to negotiating, preparing, executing, and participating in, and performing of this agreement.   Theodore Marvin DiBiase, Jr. and Kristen DiBiase further waive any and all claims or rights arising from this agreement that they may have against the United States of America pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) or § 2465(b) for attorneys' fees or other costs.

10.    The parties agree to execute further documents, to the extent necessary, to sell defendant property under the terms of this Joint Agreement for the Interlocutory Sale of Property and to further implement the terms of this Agreement.

11.    Any violation of the terms or conditions of this agreement shall be construed as a



violation of a court order.   The parties agree that this Court will retain jurisdiction, if necessary, to resolve any breaches of this Joint Agreement.

12. Each representative of the respective parties signing below hereby certifies, represents, and warrants that he/she is the duly authorized representative of the party so represented and that the execution and performance of this agreement is enforceable against the party so represented in accordance with the terms and conditions hereof.

[SIGNATURE PAGE FOLLOWS]

**EXHIBIT A**

APPROVED AND AGREED TO:

**Theodore Marvin DiBiase, Jr.**

    I have read the foregoing stipulation and agreement. I have carefully reviewed each and every part of this agreement. I fully understand it and I voluntarily agree to its terms.

DATE: 3/7/23

_____
Theodore Marvin DiBiase, Jr.,
individually

**Jason Scott Gilbert, Counsel for Theodore Marvin DiBiase, Jr.**

    I am counsel to Theodore Marvin DiBiase, Jr. and I have carefully reviewed each and every part of the foregoing agreement with my clients. To the best of my knowledge, my clients' decision to enter into said stipulation and agreement is informed and voluntary.

DATE: 3/8/23

_____
Jason Scott Gilbert

**Kristen DiBiase**

    I have read the foregoing stipulation and agreement. I have carefully reviewed each and every part of this agreement. I fully understand it and I voluntarily agree to its terms.

DATE: 3/7/23

_____
Kristen DiBiase, individually

**Mark D. Ray, Counsel for Kristen DiBiase**

    I am counsel to Kristen DiBiase, and I have carefully reviewed each and every part of the foregoing agreement with my clients. To the best of my knowledge, my clients' decision to enter into said stipulation and agreement is informed and voluntary.

DATE: 3/8/23

_____
Mark D. Ray    *Jason Scott Gilbert FOR Mark D. Ray*

[Signatures Continued on Next Page]

**EXHIBIT A**

**Counsel for the United States of America**

DATE: 3/9/23

Clay B. Baldwin
*Assistant United States Attorney*

**EXHIBIT A**